# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **S.L.**

**No. 19-0789** (Mingo County 19-JA-16)

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.L., by counsel Susan J. Van Zant, appeals the Circuit Court of Mingo County's August 23, 2019, order terminating his parental rights to S.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Cullen Younger, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2019, the DHHR filed a child abuse and neglect petition against petitioner alleging that he and the mother were homeless and abused drugs. Specifically, the parents and the child had been living in their vehicle and a camper, and a family member reported concern for the child after observing her in a filthy state. After initiating an investigation, a DHHR worker observed petitioner's vehicle swerving on the road and called the police, who attempted to stop petitioner's vehicle. Petitioner fled and crashed the vehicle. The parents, who were under the influence, then attempted to flee the police on foot with the child. The child had not been in a car seat or wearing a seatbelt when the vehicle crashed. Further, upon petitioner's arrest, needles and methamphetamine were found on his person. Petitioner was charged with driving while under the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

influence ("DUI") with a minor, felony child neglect, possession, and possession with intent to deliver. When the DHHR took custody of the child, she was dirty, her vagina was red and irritated, her stomach was distended from what was later determined to be a hernia, and her teeth were rotting and chipped. Petitioner waived his preliminary hearing.

In April of 2019, the circuit court held the adjudicatory hearing. Petitioner failed to appear, but was represented by counsel. A DHHR worker testified as to the allegations contained in the petition, including petitioner's unstable living situation, his failure to obtain medical treatment for the child's hernia, his DUI with the child in the vehicle and subsequent fleeing from police, and his subsequent criminal charges. The circuit court adjudicated petitioner as an abusing parent based upon findings that he neglected the child, failed to protect her, and placed her in danger.

The circuit court held an initial dispositional hearing in May of 2019. Petitioner requested a post-adjudicatory improvement period and proffered that he would participate in services. The DHHR opposed the motion, stating that petitioner failed to maintain contact with the caseworker, refused to submit to drug screens, and "just will not participate." The circuit court denied further services and continued the hearing, which was reconvened in June of 2019. At that hearing, the DHHR presented the testimony of a DHHR worker, who recommended termination of petitioner's parental rights. She testified that petitioner had been incarcerated at the beginning of the proceedings, but was later released. Petitioner subsequently tested positive for methamphetamine two times and, ultimately, was re-incarcerated for violating his probation. According to the DHHR worker, petitioner refused to submit to drug screens, other than immediately prior to hearings, and failed to comply with anything the DHHR asked of him. The worker did not believe petitioner was going to change his circumstances such that he could provide proper care for the child. Following testimony, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect in the near future. Petitioner appeals the August 23, 2019, dispositional order.[2]

The Court has previously established the following standard of review in cases such as this:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The mother's parental rights were also terminated below. The permanency plan for the child is adoption in her current foster placement.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. According to petitioner, there were no allegations in the petition "that would lead to the termination of his parental rights" and the DHHR should have provided services as the allegations in the petition "could be corrected with assistance." Further, petitioner contends that he was accepted into a drug treatment program and provided proof of his compliance to the circuit court. Petitioner also avers that there was insufficient evidence to support the circuit court's finding that there was no reasonable likelihood he could correct the conditions of abuse and neglect in the near future when the DHHR worker testified that he could benefit from and was in need of drug treatment.[3] We disagree.

The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence that the respondent is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Having reviewed the record, we find that the circuit court did not abuse its discretion in denying petitioner's request for an improvement period. Petitioner was adjudicated largely based upon his drug abuse and criminal actions. Indeed, testimony established that petitioner was driving under the influence and swerving all over the road with the child in the car, unrestrained by either a car seat or seat belt. Petitioner crashed the car and then attempted to flee the police on foot with the child while needles containing methamphetamine were on his person. Petitioner was arrested and then released from incarceration, but tested positive for methamphetamine on two separate occasions and was re-incarcerated for violating his probation. In fact, petitioner remained

---

[3]Petitioner makes various other unsupported claims in his brief on appeal, including that the family case plan was inadequate, that his due process rights were violated by the circuit court's failure to grant him an improvement period or schedule a multidisciplinary team meeting, and that he should have been granted visitation with the child. However, petitioner fails to cite to any authority to support these claims. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . . [and] must contain appropriate and specific citations to the record on appeal. . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

As such, we decline to address these assertions on appeal.

incarcerated at the time of the dispositional hearing. Although petitioner asserts he was admitted to a treatment program the day after the dispositional hearing and provided the circuit court with documentation of his compliance, he cites to no portion of the record demonstrating that the court considered these apparently late filings. Rather, the DHHR worker testified that petitioner refused to comply with any directives, including drug screenings, during the proceedings. While petitioner claims the DHHR "failed to prove that [he] would not have benefitted from" an improvement period, it was petitioner's responsibility to demonstrate by clear and convincing evidence that he was likely to fully participate in the improvement period. Given petitioner's lack of compliance during the proceedings, we find no error in the circuit court's decision to deny petitioner an improvement period.

We likewise find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the children's welfare. According to West Virginia Code § 49-4-604(c), "[n]o reasonable likelihood that the conditions of neglect or abuse can be substantially corrected" means that "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help."

The evidence set forth above also establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse and/or neglect on his own or with help. Following his incarceration and subsequent release, petitioner refused to comply with any DHHR directives, including submitting to drug screens. Petitioner complied with drug screening only two times throughout the proceedings, and both times he tested positive for methamphetamine. Petitioner's probation was revoked and he was re-incarcerated for the remainder of the proceedings. Testimony established that petitioner failed to maintain contact with the DHHR and failed to demonstrate that he had adequately addressed the conditions of abuse and neglect.

To the extent that petitioner claims he should have been granted an improvement period prior to the termination of his parental rights, this Court has previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Given that the circuit court properly found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect in the near future and the evidence is clear that the child's best interests necessitated termination, we find no error in the circuit court's decision to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 23, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: March 13, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison